Filed 10/8/21  In re J.D. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.D., A Person Coming Under the Juvenile Court Law. | B310568 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP04645A) |
| Plaintiff and Respondent, | |
| v. | |
| R.P., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  Affirmed.

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Mother R.P. appeals the juvenile court's order denying her Welfare and Institutions Code section 388 petition and terminating her parental rights, as to her now two-year-old son, J.D.  Mother's only contention on appeal is that the juvenile court failed to ensure compliance with the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.), because the record does not contain the return receipts for notices sent to the Bureau of Indian Affairs and Secretary of the Interior.  Finding there was no reason to know J.D. is an Indian child, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mother has an extensive child welfare history, with dependency cases for five of J.D.'s older siblings in 2014 and 2016, arising from mother's substance abuse, inappropriate discipline of the children, and domestic violence in the home. Mother failed to reunify with J.D.'s siblings, and her parental rights to one sibling were terminated.

The Los Angeles County Department of Children and Family Services (Department) received a general neglect referral leading to this case after mother tested positive for drugs while pregnant with J.D.  He was removed in July 2019, when he was nearly five months old, and placed with maternal aunt and uncle, who had adopted one of his older siblings.

When mother was interviewed by the Department in April 2019, she denied any Indian heritage.  In July 2019, she filed a parental notification of Indian status form (ICWA-020) indicating that she has no Indian ancestry.  At the July 24, 2019 detention hearing, the juvenile court found there was no reason to know that J.D. was an Indian child, and that ICWA does not apply.

2

On August 29, 2019, J.D.'s father filed a parental notification of Indian status form indicating that he has no Indian ancestry.

On August 20, 2019, mother told the Department "she was not sure[,] but she heard that someone [on] her father's side might have [Indian ancestry]." Mother said that maternal grandmother could have more information. Maternal grandmother initially told the Department her husband (maternal grandfather) may have some Indian ancestry, but she did not know which tribe, and there was no one with any additional information, as paternal grandfather, and his entire family, were deceased. Later, maternal grandmother denied any Indian ancestry in the family; however, she told the Department she heard that her brother-in-law's mother had married an Indian man. In the prior dependency cases, ICWA was found not to apply.

In August 2019, the Department sent notices of the proceedings by certified mail to the Bureau of Indian Affairs and Secretary of the Interior. The return receipts are not included in the record. The Department's reports consistently reported that ICWA does not apply.

On October 24, 2019, the court sustained jurisdictional findings based on the history of domestic violence between mother and father, substance abuse by mother and father, and abuse and neglect of J.D.'s siblings. The court bypassed reunification services for mother and father.

On February 4, 2020, mother filed a Welfare and Institutions Code section 388 petition, asking for J.D. to be returned to her care, or that she receive reunification services. The court set the petition for hearing. The Department opposed

the requested change in orders, and recommended that mother's petition be denied, and that her parental rights be terminated.

On January 22, 2021, the court terminated mother's and father's parental rights, and denied mother's Welfare and Institutions Code section 388 petition. Mother filed a timely notice of appeal.

## DISCUSSION

Congress enacted ICWA " 'to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 8.) ICWA requires notice to Indian tribes "in any involuntary proceeding in state court to place a child in foster care or to terminate parental rights 'where the court knows or has reason to know that an Indian child is involved.' " (*In re Isaiah W.*, at p. 8.) The child's tribe must receive "notice of the pending proceedings and its right to intervene." (*In re H.B.* (2008) 161 Cal.App.4th 115, 120.)

Welfare and Institutions Code section 224.2 imposes on the juvenile court and the Department "an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child . . . ." (*Id.*, subd. (a).) If there is "reason to believe [that an Indian child is] involved in a proceeding," further inquiry regarding the possible Indian status of the child "shall" be made, including "[i]nterviewing . . . extended family members" to obtain the necessary information to notice the tribes. (*Id.*, subd. (e)(1) & (2); see also Cal. Rules of Court, rule 5.481(a).)

If there is reason to know a child might be an Indian child, the Department must provide notice to the Indian tribes. (*In re Jennifer A.* (2002) 103 Cal.App.4th 692, 705.) "[T]here is 'reason to know' a child is an Indian child if '(1) Any participant in the

4

proceeding, officer of the court involved in the proceeding, Indian Tribe, Indian organization, or agency informs the court that the child is an Indian child; [¶] (2) Any participant in the proceeding, officer of the court involved in the proceeding, Indian Tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child; [¶] (3) The child who is the subject of the proceeding gives the court reason to know he or she is an Indian child; [¶] (4) The court is informed that the domicile or residence of the child, the child's parent, or the child's Indian custodian is on a reservation or in an Alaska Native village; [¶] (5) The court is informed that the child is or has been a ward of a Tribal court; or [¶] (6) The court is informed that either parent or the child possesses an identification card indicating membership in an Indian Tribe.' (25 C.F.R. § 23.107(c) (2019).)" (*In re A.M.* (2020) 47 Cal.App.5th 303, 315-316.)

The Department must file with the juvenile court the ICWA notices, return receipts, and any responses to the notices. (Welf. & Inst. Code, § 224.3, subd. (c).) " 'The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings. [Citation.]' [Citation.] When . . . the facts are undisputed, we review independently whether the requirements of ICWA have been satisfied. [Citation.] However, we review the juvenile court's ICWA findings under the substantial evidence test . . . ." (*In re A.M.*, *supra*, 47 Cal.App.5th at p. 314.)

Here, the information available to the Department and juvenile court did not trigger the notice requirements under ICWA. Mother's and maternal grandmother's statements to the effect that someone in the family might have Indian ancestry in

5

an unknown tribe, but there was no living family member with any additional information to provide, and that J.D.'s great uncle-in-law's mother had married an Indian man, are too vague to give any reason to know J.D. is an Indian child.  Accordingly, there was no error in finding that ICWA does not apply.

## DISPOSITION

The orders are affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


OHTA, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.